DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-408-RJC
(3:07-cr-56-RJC-1)

| | |
|---|---|
| MOHAMMED BACHAR AL KURDI, )<br> )<br>      Petitioner, )<br> )<br>  vs. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>      Respondent. )<br>_____ ) | **ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), Respondent's Motion to Dismiss, (Doc. No. 4), and Petitioner's Response, (Doc. No. 5).

## I. BACKGROUND

On March 23, 2007, Petitioner Mohammad Bachar Al Kurdi filed a plea agreement on a bill of information charging him with conspiracy, in violation of 18 U.S.C. § 371. (Case No. 3:07-cr-56, Doc. No. 1: Information; Doc. No. 2: Plea Agreement). The conspiracy involved a scheme to use stolen identities and fraudulently negotiated checks to purchase and fence merchandise with a loss of at least $268,000. (Id., Doc. No. 28: Presentence Report at 5-6). At sentencing, the Court granted the Government's motion for a downward departure pursuant to USSG §5K1.1 and sentenced Petitioner to 27 months' imprisonment and three years' supervised release. (Id., Doc. No. 15: Judgment).

Petitioner filed an appeal, which the Fourth Circuit dismissed on August 28, 2009, because Petitioner failed to report to serve his sentence and remained a fugitive from justice.

1

(Id., Doc. No. 29: Opinion). Petitioner did not seek a writ of certiorari from the Supreme Court. On December 4, 2009, Petitioner was arrested for failing to surrender to serve his sentence. (Case No. 3:09-cr-223, Doc. No. 5: Executed Warrant). A jury convicted him of that offense on June 9, 2010, (Id., Doc. No. 27: Verdict), and the Court sentenced him to an additional 18 months' imprisonment, (Id., Doc. No. 39, Judgment).1 Petitioner was released from Bureau of Prisons custody on March 8, 2013.[2]

Petitioner timely filed the instant § 2255 motion on August 27, 2010, alleging ineffective assistance of counsel based on the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010). (Doc. No. 1). The Government moved to dismiss based on Chaidez v. United States, 133 S. Ct. 1103 (2013), (Doc. No. 4), and Petitioner has responded, (Doc. No. 5).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs on Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

1 Petitioner appointed counsel in that criminal case represents him in this civil action.
[2] See
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=mohammad&Middle=&LastName=al-kurdi&Race=U&Sex=U&Age=&x=95&y=5

## III. DISCUSSION

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687 92 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430 31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled guilty, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A. Failure to Advise of Immigration Consequences

Petitioner is a native of Syria and was granted asylum in the United States in 1998 based on being a former political prisoner. (Doc. No. 1: Motion at 2). Petitioner contends that his attorney never advised him of the immigration consequences of his plea. (Id. at 3). He asserts that omission satisfies the first prong of Strickland based on the Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010), which held that an attorney must, at a minimum, "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences."

The controlling law in the Fourth Circuit prior to that decision was that an attorney's failure to advise a client that deportation may result from a conviction did not constitute ineffective assistance of counsel. See United States v. Yearwood, 863 F.2d 6 (4th Cir. 1988) (on a § 2255 motion to vacate, stating that "an attorney's failure to advise a client that deportation may result from a conviction does not constitute ineffective assistance of counsel" because "[t]o hold otherwise would place the unreasonable burden on defense counsel to ascertain and advise of the collateral consequences of a guilty plea which courts have uniformly held is not ineffective assistance of counsel"); see also Meyer v. Branker, 506 F.3d 358 (4th Cir. 2007) ("For a guilty plea to be constitutionally valid, a defendant must be made aware of all the 'direct,' but not the 'collateral' consequences of his plea.").

After Petitioner filed the instant motion, the Supreme Court held in Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013), that Padilla does not apply retroactively to convictions that were final before the new rule was announced on March 31, 2010. Petitioner's judgment had become final on or about January 5, 2010, 90 days after issuance of the Fourth Circuit's mandate on October 7, 2009, when the time for filing a petition for writ of certiorari expired. Clay v.

4

United States, 537 U.S. 522, 530 (2003). Therefore, Petitioner is clearly not entitled to relief on his claim that his attorney failed to advise him about the potential immigration consequences of his plea in the criminal case.

B. Advice Not to Contact Immigration Attorney

In response to the Government's motion to dismiss, Petitioner contends that, notwithstanding Chaidez and Padilla, he is still entitled to relief. He claims that his attorney advised him not to contact his immigration attorney about the pending criminal case. (Doc. No. 5: Response at 1). Petitioner then characterizes that advice as "misadvice of immigration consequences" that has been considered ineffective assistance of counsel in the Second, Ninth, and Eleventh Circuits. (Id. at 1-2).

Even if the attorney's advice were considered objectively unreasonable, Petitioner has not established that the outcome of the criminal proceeding fundamentally unfair and would have been any different; that is, he would not have been convicted of the conspiracy charge. Sexton, 163 F.3d at 882. Had Petitioner contacted his immigration attorney, and had she advised him not to plead guilty, he still would have faced a jury trial. He has not shown any reasonable likelihood that he would have been acquitted after a full presentation of the Government's evidence; therefore, he has not carried his burden to show prejudice from the attorney's advice.

III. CONCLUSION

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DISMISSED** with prejudice;

2. Respondent's Motion to Dismiss, (Doc. No. 4), is **GRANTED;** and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 3, 2013

Robert J. Conrad, Jr.
United States District Judge